IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:16-971-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ALEXIS BUSTOS | ) | |
| _____ | ) | |

This matter is before the court upon the defendant's *pro se* motion (ECF No. 82) for a reduction in his sentence. He raises three grounds in his motion: (1) he should be resentenced under the remedial provisions of § 404 of the First Step Act of 2018; (2) he has not been given proper earned or good time credits while incarcerated; and (3) he has demonstrated extraordinary and compelling reasons for compassionate release pursuant to 28 U.S.C. § 3582(c)(1)(a). As will be seen, the court has determined that the defendant is incorrect as a matter of law on his first ground, he has withdrawn his second ground, and he has not exhausted his administrative remedies as to his third ground.

The government has responded in opposition, arguing that neither position advanced by the defendant has merit. The defendant replied to the government's response.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is respectfully denied.

1

STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019).  But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *See Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. It was originally adopted as part of the Sentencing Reform Act of 1984.

On December 21, 2018, the First Step Act was signed into law. Broadly, the Act's goals are to reform federal prisons and sentencing laws to reduce recidivism, decrease the federal inmate population, and maintain public safety. The First Step Act also expanded the existing compassionate release provisions of federal law by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so. The relevant portion of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, provides:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever

>is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

By its terms, § 3582(c)(1)(A) permits the court to reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court first finds that (i) extraordinary and compelling reasons warrant such a reduction; and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. In addition, a district court may not grant a sentence reduction under § 3582(c)(1)(A) without considering the § 3553 factors to the extent they are applicable. *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is, as of now, no "applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A)." As a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at 230); *see also, Kibble*, 992 F.3d at 331.

A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Also, the defendant bears the burden

3

to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. As noted previously in this order and as set out in *McCoy*, because there is no applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A), district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

It does not automatically follow, however, that the sentence must be reduced. Indeed, the First Step Act indicates, in two different sections, that any relief awarded is discretionary with the sentencing court. Under § 404(b) of the First Step Act, the court "may," but is not

required to, grant statutory relief. The discretionary nature of the relief is further emphasized in § 404(c) of the First Step Act. Building on the "may" language in § 404(b), this section provides that "nothing in the section is to be construed to require a court to reduce any sentence" under the Act.

*Exhaustion of Administrative Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on their behalf. The defendant may file a motion with the court after (1) fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021).

Nowhere in his pleadings does the defendant attest that he filed a request with his Warden seeking compassionate release. Thus, it appears the defendant has not exhausted his remedies on his compassionate release grounds. On the issues that are ripe, the court will proceed to decide the motion on the merits.

PROCEDURAL HISTORY

Beginning in 2016, the Drug Enforcement Administration (DEA) began investigating the defendant, who was associated with the Mexican Drug Cartel known as "Los Caballeros Templarios" for his involvement in transporting methamphetamine by concealing the drugs in fire extinguishers being transported in tractor trailers traveling from Mexico into the

United States.  Ultimately, the defendant was held accountable for 12.5 kilograms of imported methamphetamine.

On December 20, 2016, a federal Grand Jury returned an Indictment charging the defendant with two counts of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846, and possession of methamphetamine and aiding and abetting, a violation of 21 U.S.C. 841(a), 841(b)(1)(A), and 18 U.S.C. § 2.

On April 26, 2017, the defendant pled guilty to both counts.  This court sentenced the defendant on October 17, 2017 to a term of incarceration of 168 months.  He has received credit for time served since November 18, 2016 and is currently housed at the Federal Correctional Institution in Forrest City, Arkansas.

*(1)  Relief Under § 404(b) of the First Step Act*

The defendant seeks a reduction of his sentence based on §§ 404(b) and 401 of the First Step Act.  He cites the "Smarter Sentencing Act of 2021" to suggest that his mandatory minimum sentence should be changed from 168 months to 60 months.

Section 404 of the First Step Act of 2018 permits this court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence following the conviction of certain enumerated offenses in accordance with the Fair Sentencing Act of 2010, if no such reduction has been previously granted.[1]

---

[1] In 2010, Congress passed the Fair Sentencing Act, which provided in § 2 for the reduction of penalties for offenses involving cocaine base (commonly known as "crack" cocaine) by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). 3 Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat 2372, 2372 (2010). In

The government points out, and this court agrees, that nothing in the Fair Sentencing Act or the First Step Act affected sentencing regimes for methamphetamine offenses, only crack cocaine offenses. Thus, the defendant is not eligible for consideration of a sentence reduction under § 404(b). Moreover, the defendant was sentenced in 2017 and any applicable changes to the sentencing laws from the 2010 Fair Sentencing Act would have been incorporated into the sentencing Guidelines Manual.

*(2) Earned Time Credit and Good Conduct Time*

The defendant also argues that he should receive First Step Act earned time credit and good conduct time while incarcerated. In its response, the government argues that the defendant has, in fact, received the credits that he seeks. The government suggests that, but for the days of good conduct credit, the defendant would be facing a maximum sentence release date of November 2030. However, the defendant is currently projected to have satisfied the statutory term of imprisonment, when accounting for the aforementioned credits, on December 30, 2027.

In his reply brief, the defendant, for some reason, states that he "never raised [the credit issue] and the court should disregard the government's argument." This is in clear contradiction to the defendant's opening memorandum which asserts, on pages 6 through 9, that the defendant is entitled to relief on the good time credit issue. It appears that the

---

2018, Congress passed the First Step Act, which provided in § 404(b) that a District Court "may" in its discretion "impose a reduced sentence as if [section 2 of the Fair Sentencing Act] were in effect at the time the covered offense was committed." Section 404(b).

government is correct in its assertion that the defendant has, in fact, received the credit he seeks. But, in any event, the court deems this ground to be withdrawn based upon the defendant's reply brief.

### (3) *Compassionate Release*

Finally, the defendant seeks a sentence reduction in his sentence under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A). The defendant contends that he can demonstrate extraordinary and compelling reasons for his release due to his poor physical and mental health, asthma, hypertension, and hepatitis. As the government points out, § 3582(c) contains an exhaustion requirement. The government argues that the defendant has not properly exhausted this claim, as set out earlier in this order, and the defendant does not address this argument in his reply brief.

### CONCLUSION

For all the foregoing reasons, the defendant's motion pursuant to § 404(b) of the First Step Act is denied. The court deems the defendant's motion relating to earned and good time credits to be withdrawn. Finding no evidence that exhaustion has occurred in this case, the defendant's compassionate release request is dismissed without prejudice and the defendant may reassert this issue once he has exhausted his administrative remedies with the appropriate prison officials.

IT IS SO ORDERED.

July 19, 2023  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge